No. 17.—P. H. SMEAD and C. A. SAVAGE, tenants, plaintiffs in error, *vs.* DOE dem. WILLIAMS, administrator, &c., defendants.

[1.] The Statute of Limitations does not run in favor of a tenant in possession of land, while the title thereto is in the State.

[2.] By the Act of 1767, the plaintiff in ejectment has seven years within which to institute his action for the recovery of the possession of lands and tenements, from the time his title, or cause of action to the same accrues. *Held,* under that Statute, the plaintiff 's title, or *cause of* action, did not accrue until the land was granted to him by the State.

Ejectment, in Muscogee Superior Court.    Tried before Judge ALEXANDER, November Term, 1848.

This was an action of ejectment in Muscogee Superior Court. The plaintiff showed a grant to his intestate, dated in 1843.    The defendant showed a continuous possession in himself, and those under whom he claimed, for more than seven years, under color of title.

The Court charged the Jury, that notwithstanding said continuous possession of said land by the defendant and those under whom he claimed, yet the Statute of Limitations did not begin to run in favor of said defendant, until the grant from the State of Georgia issued; and that if seven years had not elapsed between the date of said grant and the commencement of the plaintiff's action, the plaintiff was entitled to recover.

To this decision defendant excepted, and alleges the same to be erroneous.

H. HOLT, for plaintiffs in error.

H. L. BENNING, representing BAILEY & COOPER, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question presented by the record in this case is, whether the Statute of Limitations commenced running in favor of the tenant in possession of the premises in dispute, until the grant issued from the State, in the year 1843.

In *Brinsfield vs. Carter*, (2 *Kelly*, 150,) we held, that the Statute did not run against the State.  But it is contended, that inasmuch as the State is not the lessor of the plaintiff, a citizen claiming under the grant from the State, is not entitled to avail himself of the benefit of the decision made in *Brinsfield vs. Carter*.  In that case, the lessor of the plaintiff claimed title under a grant from the State.  The principle established in *Brinsfield vs. Carter* must control this case.  The Statute did not run in favor of the defendant in possession of the premises, until the land was granted to the lessor of the plaintiff by the State.

[2.] By the Act of 1767, the lessor of the plaintiff had seven years within which to institute his action of ejectment, to recover possession of the premises, after his title or cause of action accrued.  *Prince*, 573.  The title or cause of action did not accrue to the plaintiff until the grant issued from the State to him in 1843.

Let the judgment of the Court below be affirmed.